■ Jose Perez et al., Respondents, v City of New York et al., Appellants. [831 NYS2d 69]—

Order, Supreme Court, Bronx County (Paul A. Victor, J.), entered September 23, 2005, which granted discovery to plaintiffs with regard to photographs of police personnel assigned to the 43rd Precinct, unanimously affirmed, without costs.

This is an action for personal injury arising from an alleged false arrest. In an order dated March 17 and entered April 6, 2005, the court directed defendants to produce for discovery photos of all "male-non-blacks from the 43rd Precinct." Defendants were given 45 days to comply, and the matter was adjourned for three months. Upon further litigation, the court directed defendants, in the order now appealed from, to provide "photographs of all police officers assigned to the 43rd precinct . . . excluding only women and dark-complected African American officers, together with a corresponding description of the height and weight of each officer, and the date on which each photograph was taken, after which the court will decide which photographs will be shown to plaintiff, Lorraine Perez, for her review in a photo array or arrays . . . conducted in the presence of the court, and will be comprised of the photographs so selected . . . together with photographs of members of the NYPD who were not assigned to the 43rd precinct."

We reject defendants' claim that the production of the photographs for in camera review is unduly burdensome and overly broad. Whether any of the already limited set of photographs will subsequently be placed in photo arrays, and which photographs must be produced for plaintiffs, will not be determined until after in camera review.

The relevancy of the identity of defendant Officer "Douglas Doe" cannot be appraised from the record, since defendants failed to include the parties' pleadings. Concur—Mazzarelli, J.P., Sullivan, Sweeny, Catterson and McGuire, JJ.